JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hillside Associates, LLC

**(b)** County of Residence of First Listed Plaintiff: New Castle (DE)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jessica M. Gulash, Esquire   (610) 668-0772
450 N. Narberth Ave., Suite 200; Narberth, PA 19072

## DEFENDANTS
Nicholas Oakes and Oakes Automotive Detail, LLC

County of Residence of First Listed Defendant: Chester (PA)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| [x] 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Negotiable instrument, money loaned

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $98,281.50

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 1/8/2026
SIGNATURE OF ATTORNEY OF RECORD: */s/ Jessica M. Gulash*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Chester County, Pennsylvania

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLSIDE ASSOCIATES, LLC<br>P.O. Box 4420<br>Wilmington, DE 19807<br><br>     **Plaintiff,**<br>  v.<br><br>NICHOLAS OAKES d/b/a OAKES DETAIL<br>a/k/a OAKES DETAIL, LLC<br>893 S. Matlack Street<br>West Chester, PA 19382<br><br>  and<br><br>OAKES AUTOMOTIVE DETAIL, LLC<br>d/b/a OAKES DETAIL<br>893 S. Matlack Street<br>West Chester, PA 19382<br><br>     **Defendants.** | CIVIL ACTION NO. |

## COMPLAINT

### PARTIES

1. Plaintiff Hillside Associates, LLC is a Delaware limited liability company with an address as captioned.

2. Plaintiff and all of its members are domiciled in the State of Delaware.

3. Specifically, the sole member of Plaintiff is John Sheppard who is domiciled in Delaware.

4. Defendant Nicholas Oakes d/b/a Oakes Detail a/k/a Oakes Detail, LLC ("**Nicholas Oakes**") is an adult individual with a place of business as captioned.

5. Defendant Nicholas Oakes is domiciled in Pennsylvania.

1

6. Defendant Oakes Automotive Detail, LLC d/b/a Oakes Detail d/b/a Oakes Detail, LLC ("**Oakes Automotive**") is Pennsylvania corporation with a business address as captioned.

7. Upon information and belief, the sole shareholder of Oakes Automotive is Nicholas Oakes who is domiciled in Pennsylvania.

## VENUE & JURISDICTION

8. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

9. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all Defendants are residents of this judicial district and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS

9. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

10. On or about June 5, 2023, the parties entered into a Loan Agreement pursuant to which Plaintiff provided a loan to Defendants in the principal sum of $150,000.00 (the "**Loan**").

11. A true and correct copy of the Loan Agreement is attached hereto and made a part hereof as Exhibit "1."

12. Defendant Nicholas Oakes executed the Loan Agreement while purporting to act as the authorized representative of "Oakes Detail, LLC."

13. Defendant Nicholas Oakes never advised Plaintiff that "Oakes Detail, LLC" was not a duly registered entity.

14. At the time the Loan Agreement was executed and the Loan was provided, "Oakes Detail, LLC" did not exist as a legal entity.

15. Defendant Nicholas Oakes also never advised Plaintiff that the correct entity name is Oakes Automotive, LLC.

16. Defendant Nicholas Oakes knew or should have known that "Oakes Detail, LLC" did not exist at the time that the Loan Agreement was executed and the Loan was provided.

17. The Loan was provided to Defendants for business purposes.

18. Upon information and belief, the loan proceeds were used by Defendant Oakes Automotive and/or Defendant Nicholas Oakes for business purposes.

19. Pursuant to the Loan Agreement, the Loan accrues interest at the rate of 8.65% per annum beginning on June 5, 2023, until paid in full.

20. The Loan Agreement required Defendants to repay the principal and interest in consecutive monthly installments beginning on July 6, 2023, and continuing on the sixth (6th) day of each month thereafter until a balloon payment is due on June 6, 2027.

21. The Loan Agreement further requires Defendants to pay a late fee of $500.00 for any monthly payment not timely submitted to Plaintiff.

22. Defendants are in default of the terms of the Loan Agreement due to its failure to make monthly payments as and when due.

23. Specifically, Defendants have failed to make the monthly payments due on August 6, 2025; September 6, 2025; October 6, 2025; November 6, 2025; December 6, 2025; and January 6, 2026.

24. Despite demand, Defendants have failed to cure their defaults.

25. The Loan Agreement permits Plaintiff to declare all principal and interest immediately due and owing in the event of a default.

26. As a consequence of the above-described events of default, the amounts due and owing under the Loan Agreement as of January 7, 2026, are as follows:

| | |
|---|---:|
| Principal: | $ 82,049.17 |
| Interest: | 10,072.33 |
| Late Fees: | 3,000.00 |
| Attorney's Fees (per Loan Agreement): | 3,160.00 |
| **TOTAL:** | **$98,281.50** |

## Count I – Breach of Contract
*Plaintiff v. Defendant Nicholas Oakes*

27. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

28. The Loan Agreement constitutes a binding contract between Plaintiff and Defendant Nicholas Oakes.

29. Specifically, Defendant Nicholas Oakes is personally liable for all obligations under the Loan Agreement by virtue of his execution of the Loan Agreement on behalf of an entity that he knew did not exist.

30. As set forth above, Defendant Nicholas Oaks is in default of the Loan Agreement by virtue of his failure to make payment as and when due.

31. Due to Defendant Nicholas Oakes' default, Plaintiff has suffered damages.

32. Despite demand, Defendant Nicholas Oakes has failed and refused to cure its default.

WHEREFORE, Plaintiff Hillside Associates, LLC hereby demands judgment in its favor and against Defendant Nicholas Oakes d/b/a Oakes Detail a/k/a Oakes Detail, LLC in the sum of

$98,281.50 plus pre-judgment interest at the rate provided for in the Loan Agreement, post-judgment interest at the rate provided for in the Loan Agreement, attorney's fees, costs, and any other relief this Honorable Court deems just and proper.

### Count II – Unjust Enrichment
*Plaintiff v. Defendant Nicholas Oakes*
(In the alternative)

33. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

34. By providing Defendant Nicholas Oakes with the Loan, Plaintiff conferred a benefit upon Defendant Nicholas Oakes.

35. It would be unjust for Defendant Nicholas Oakes to retain the benefit of the Loan without paying amounts due.

WHEREFORE, Plaintiff Hillside Associates, LLC hereby demands judgment in its favor and against Defendant Nicholas Oakes d/b/a Oakes Detail a/k/a Oakes Detail, LLC for all amounts due and owing under the Loan plus pre-judgment interest, post-judgment interest, costs of suit, and any other relief this Honorable Court deems just and proper.

### Count III – Breach of Contract
*Plaintiff v. Defendant Oakes Automotive*

36. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

37. The Loan Agreement constitutes a binding contract between Plaintiff and Defendant Oakes Automotive.

38. Specifically, Defendant Oakes Automotive performed under the Loan Agreement and is therefore liable for all obligations under the Loan Agreement.

39. Moreover, upon information and belief, Defendant Oakes Automotive accepted the Loan with full knowledge of the terms of the Loan Agreement.

5

40. As set forth above, Defendant Oakes Automotive is in default of the Loan Agreement by virtue of its failure to make payment as and when due.

41. Due to Defendant Oakes Automotive's default, Plaintiff has suffered damages.

42. Despite demand, Defendant Oakes Automotive has failed and refused to cure its default.

WHEREFORE, Plaintiff Hillside Associates, LLC hereby demands judgment in its favor and against Defendant Oakes Automotive Detail, LLC d/b/a Oakes Detail d/b/a Oakes Detail, LLC in the sum of $98,281.50 plus pre-judgment interest at the rate provided for in the Loan Agreement, post-judgment interest at the rate provided for in the Loan Agreement, attorney's fees, costs, and any other relief this Honorable Court deems just and proper.

### Count IV – Unjust Enrichment
*Plaintiff v. Defendant Oakes Automotive*
(In the alternative)

43. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

44. By providing Defendant Oakes Automotive with the Loan, Plaintiff conferred a benefit upon Defendant Oakes Automotive.

45. It would be unjust for Defendant Oakes Automotive to retain the benefit of the Loan without paying amounts due.

WHEREFORE, Plaintiff Hillside Associates, LLC hereby demands judgment in its favor and against Defendant Oakes Automotive Detail, LLC d/b/a Oakes Detail d/b/a Oakes Detail, LLC

for all amounts due and owing under the Loan plus pre-judgment interest, post-judgment interest, costs of suit, and any other relief this Honorable Court deems just and proper.

                                                **LUNDY, BELDECOS & MILBY, P.C.**

Date: 1/8/2026                        By: _____
                                                  **JESSICA M. GULASH, ESQUIRE**
                                                  *Attorney for Plaintiff*

Exhibit "1"

# LOAN AGREEMENT

**THIS LOAN AGREEMENT** (this "Agreement") dated this 5th day of June, 2023

**BETWEEN:**

**Hillside Associates LLC** of PO Box 4420, Wilmington, DE 19807

(the "Lender")

OF THE FIRST PART

AND

**Oakes Detail LLC** of 893 S. Matlack Street, West Chester, PA 19382

(the "Borrower")

3,684.86

OF THE SECOND PART

**IN CONSIDERATION OF** the Lender loaning certain monies (the "Loan") to the Borrower, and the Borrower repaying the Loan to the Lender, the parties agree to keep, perform and fulfill the promises and conditions set out in this Agreement:

### Purpose of Loan

1. The purpose of the loan is so the Borrower can add another tint/ PPF station, update the rooms, new equipment and for new signs outside business. The Loan is for these purposes only and not to be used to pay for other expenses.

### Loan Amount & Interest

2. The Lender promises to loan $150,000.00 USD to the Borrower and the Borrower promises to repay this principal amount to the Lender, with interest payable on the unpaid principle at the rate of 8.65 percent per annum, calculated yearly not in advance, beginning on June 5, 2023.

### Payment

3. This Loan will be repaid in consecutive monthly installments of principal and interest commencing on July 6th, 2023 and continue on the 6th of each following month until June 6th, 2027 with the balance then owing under this Agreement being paid at the time.

4. At any time while not in default under this Agreement, the Borrower may make lump sum payments or pay the outstanding balance then owing under this Agreement to the Lender without further bonus or penalty.

### Default

5. Notwithstanding anything to the contrary in this Agreement, if the Borrower defaults in the performance of any obligation under this Agreement, then the Lender may declare the principal amount owing and interest due under this Agreement at the time to be immediately due and payable.
6. Further, if the Lender declares the principal amount owing under this Agreement to be immediately due and payable, and the Borrower fails to provide full payment, the Borrower will be charged a $500 USD late fee.
7. If the Borrower defaults in payment as required under this Agreement or after demand for ten (10) days, the Security will be immediately provided to the Lender and the Lender is granted all rights of repossession as a secured party.

### Security

8. This Loan is secured by the following securities (the "Security"): full die-cast car collection and whatever else needs to be liquidated to repay the remaining Loan amount.
9. The Borrower grants to the Lender a security interest in the Security until the Loan is paid in full. The Lender will be listed as a lender on the title of the Security whether or not the Lender elects to perfect the security interest in the Security. The Borrower will do everything necessary to assist the Lender in perfecting its security interest.

### Governing Law

10. This Agreement will be constructed in accordance with and governed by the laws of the State of Delaware.

### Costs

11. The Borrower shall be liable for all costs, expenses and expenditures incurred including, without limitation, the complete legal costs of the Lender incurred by enforcing this Agreement as a result of any default by the Borrower and such costs will be added to the principal then outstanding and shall be due and payable by the Borrower to the Lender immediately upon demand of the Lender.

### Binding Effect

12. This Agreement will pass to the benefit of and be binding upon the respective heirs, executors, administrators, successors and permitted assigns of the Borrower and Lender. The Borrower waives presentment for payment, notice of non-payment, protest, and notice of protest.

**Amendments**

13. This Agreement may only be amended or modified by a written instrument executed by both the Borrower and the Lender.

**Severability**

14. The clauses and paragraphs contained in this Agreement are intended to be read and construed independently of each other. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by the court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

**General Provisions**

15. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include in the feminine and vice versa.

**Entire Agreement**

16. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise.

**IN WITNESS WHEREOF,** the parties have duly affixed their signatures on the 5th day of June, 2023.

**SIGNED, SEALED, AND DELIVERED**

THE LENDER (OF THE FIRST PART)

Name _John Sheppard_    Title _Owner_    Date _6/5/23_
Signature _JShep_

**SIGNED, SEALED, AND DELIVERED**

THE BORROWER (OF THE SECOND PART)

Name _NICHOLAS OAKES_    Title _OWNER_    Date _6-5-23_
Signature ___